IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELEBRANDS CORPORATION,<br><br>         Plaintiff,<br><br>v.<br><br>PINNACLE BRANDS, LLC, and<br>OCEAN STATE JOB LOT OF DE, INC.,<br><br>         Defendants. | C.A. No. _____<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Telebrands Corporation ("Plaintiff" or "Telebrands") hereby brings this Complaint for patent infringement against Defendants Pinnacle Brands, LLC and Ocean State Job Lot of DE, Inc. (collectively, "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement of U.S. Patent Nos. 9,581,272 (the "'272 Patent") and 9,841,127 (the "'127 Patent") (collectively, the "Asserted Patents") in violation of the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

## THE PARTIES

2. Plaintiff Telebrands Corporation is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey, 07004.

3. Upon information and belief, Defendant Pinnacle Brands, LLC ("Pinnacle Brands") is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 301 Route 17 North, Suite 800, Rutherford,

New Jersey 07070.  Upon information and belief, Pinnacle Brands does business throughout the United States and within the State of Delaware.

4.      Upon information and belief, Defendant Ocean State Job Lot of DE, Inc. ("Ocean State Job Lot") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 375 Commerce Park Road, North Kingstown, Rhode Island 02852.  Upon information and belief, Ocean State Job Lot does business throughout the United States and within the State of Delaware.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over the patent infringement claims set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      This Court has personal jurisdiction over Pinnacle Brands because Pinnacle Brands is incorporated in Delaware, and regularly transacts business in Delaware, including offering for sale in, selling in, and/or importing into, the United States expandable hoses, including within this District.  Defendant has a registered agent in Delaware: Corporate Service Bureau Inc., 614 N. Dupont Hwy., Suite 210, Dover, Delaware 19901.

7.      This Court has personal jurisdiction over Ocean State Job Lot because Ocean State Job Lot is incorporated in Delaware, and regularly transacts business in Delaware, including offering for sale in, selling in, and/or importing into, the United States expandable hoses, including within this District.  Defendant has a registered agent in Delaware: Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

8.      Venue is proper pursuant to 28 U.S.C. § 1400(b) because Defendants are incorporated in Delaware and thus reside in this District.

9. Joinder of the Defendants is proper pursuant to 35 U.S.C. § 299 as the Defendants are all offering for sale the same infringing products, this case will involve common questions of fact to all Defendants, and the Defendants' infringing acts arise out of the same transaction, occurrence, or series of transactions or occurrences related to the making, using, importing into the United States, offering for sale, or selling of the same accused products.

## THE PATENTS-IN-SUIT

10. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 9 as if set forth herein in their entirety.

11. Telebrands is the owner of the '272 Patent, entitled "Garden Hose," which the United States Patent and Trademark Office ("USPTO") duly and lawfully issued on February 28, 2017. A true and correct copy of the '272 Patent is attached hereto as **Exhibit A**.

12. Telebrands is the owner of the '127 Patent, entitled "Garden Hose Device and Method," which the USPTO duly and lawfully issued on December 12, 2017. A true and correct copy of the '127 Patent is attached hereto as **Exhibit B**.

## GENERAL ALLEGATIONS AND BACKGROUND

13. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 12 as if set forth herein in their entirety.

14. Telebrands is a direct marketing company and is engaged in the business of marketing and selling a wide variety of consumer products, through direct response advertising, catalog, mail order, and Internet sales, and national retail stores.

15. For over thirty years, Telebrands has been a leading developer and marketer of consumer products. Telebrands is widely known through the retail industry for its success in driving retail sales through its nationwide advertising programs. Telebrands expends significant

human and financial resources cultivating relationships with a wide variety of retailers, *e.g.*, large retail chains, catalogs, and retail websites, which buy Telebrands' products.

16. For over ten years, Telebrands has been marketing and selling its expandable hose, which it currently sells under the trademark POCKET HOSE® and other related marks. The POCKET HOSE® hose is light in weight, does not kink when unwrapped or uncoiled, can expand up to three times its length when pressurized water is flowing through it, and can automatically contract to a reduced length when the water is released from it. The POCKET HOSE® hose has been and continues to be a massive success in the United States. Telebrands is the owner of all intellectual property rights in connection with the POCKET HOSE® hose including, without limitation, the patent rights asserted in this Complaint.

17. Indicative of the ingenuity and popularity of Telebrands' POCKET HOSE®, Defendants have impermissibly promoted and sold and continue to impermissibly promote and sell infringing expandable hose products embodying the inventions protected by the Asserted Patents. Specifically, Defendants impermissibly promote and sell the Perfect Hose Deluxe Rugged Series (hereinafter the "Accused Products"). A screen shot of Ocean State Job Lot's website, https://www.oceanstatejoblot.com/hoses/perfect-hose-deluxe-rugged-series-garden-hose-50/266269, promoting the Accused Products is attached hereto as **Exhibit C**.

**COUNT I**
**(INFRINGEMENT OF THE '272 PATENT)**

18. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 17 as if set forth herein in their entirety.

19. Defendants have directly infringed and continue to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the '272 Patent by making,

using, offering for sale, and/or selling within the United States, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

20. For example, as set forth in the attached exemplary claim chart provided in **Exhibit D**, the Accused Products include all of the limitations of at least Claim 1 of the '272 Patent and, therefore the Accused Products directly infringe at least Claim 1 of the '272 Patent under 35 U.S.C. § 271(a).

21. Upon information and belief, Defendants had knowledge of the '272 Patent since at least its issuance on February 28, 2017 due to the massive popularity of Telebrands' POCKET HOSE® hose and previous patent litigations regarding family members of the '272 Patent against other manufacturers of similarly infringing expandable hoses. Additionally, as part of any customary due diligence before entering the expandable hose market, Defendants should have reviewed and likely did review patents covering expandable hoses and should have reviewed and likely did review the '272 Patent prior to the filing of this Complaint. Therefore, Defendants should have known, and have known, that selling, offering to sell, and importing into the United States the Accused Products constitutes direct infringement of the '272 Patent.

22. Upon information and belief, since at least the date of the issuance of the '272 Patent, Defendants have had actual knowledge of the claims of the '272 Patent, and that the Accused Products infringe one or more of those claims, including through Pinnacle Brands' likely copying of the POCKET HOSE® hose. Upon information and belief, Defendants have taken no steps to remedy any infringement and continue to willfully infringe the '272 Patent.

23. Telebrands has been and continues to be damaged by Defendants' infringement of the '272 Patent, has been and continues to be irreparably harmed by that infringement, and will

suffer additional damages and irreparable harm unless this Court enjoins Defendants from further infringement.

24. Due to Defendants' past and ongoing infringement of the '272 Patent, Telebrands is entitled to monetary damages in an amount to be determined at trial, which may include lost profits but in no event less than a reasonable royalty.

25. Defendants' infringement of at least Claim 1 of the '272 Patent has been and continues to be willful and deliberate. As a result, Telebrands is entitled to increased damages pursuant to 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## COUNT II
### (INFRINGEMENT OF THE '127 PATENT)

26. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 25 as if set forth herein in their entirety.

27. Defendants have directly infringed and continue to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the '127 Patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

28. For example, as set forth in detail in the attached preliminary and exemplary claim chart provided in **Exhibit E**, the Accused Products include all of the limitations of at least Claim 1 of the '127 Patent and, therefore the Accused Products directly infringe at least Claim 1 of the '127 Patent under 35 U.S.C. § 271(a).

29. Upon information and belief, Defendants had knowledge of the '127 Patent since at least its issuance on December 12, 2017 due to the massive popularity of Telebrands' POCKET HOSE® hose and previous patent litigations regarding family members of the '127

Patent against other manufacturers of similarly infringing expandable hoses. Additionally, as part of any customary due diligence before entering the expandable hose market, Defendants should have reviewed and likely did review patents covering expandable hoses and should have reviewed and likely did review the '127 Patent prior to the filing of this Complaint. Therefore, Defendants should have known, and have known, that selling, offering to sell, and importing into the United States the Accused Products constitutes direct infringement of the '127 Patent.

30. Upon information and belief, since at least the date of the issuance of the '127 Patent, Defendants have had actual knowledge of the claims of the '127 Patent, and that the Accused Products infringe one or more of those claims, including through Pinnacle Brands' likely copying of the POCKET HOSE® hose. Upon information and belief, Defendants have taken no steps to remedy any infringement and continue to willfully infringe the '127 Patent.

31. Telebrands has been and continues to be damaged by Defendants' infringement of the '127 Patent, has been and continues to be irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Defendants from further infringement.

32. Due to Defendants' past and ongoing infringement of the '127 Patent, Telebrands is entitled to monetary damages in an amount to be determined at trial, which may include lost profits but in no event less than a reasonable royalty.

33. Defendants' infringement of at least Claim 1 of the '127 Patent has been and continues to be willful and deliberate. As a result, Telebrands is entitled to increased damages pursuant to 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Telebrands prays that this Court enter judgment as follows:

A.    that Defendants have infringed and are infringing each of the '272 Patent and the '127 Patent;

B.    that such infringement was and is willful;

C.    preliminarily and permanently enjoining Defendants, their principals, officers, directors, agents, servants, employees, affiliates, successors and assigns, dealers, retailers, distributors, manufacturers, and all others in active concert and/or participation with Defendants, from infringing the '272 Patent and the '127 Patent, pursuant to 35 U.S.C. § 283;

D.    awarding Telebrands damages for Defendants' direct infringement of both the '272 Patent and the '127 Patent, in an amount to be ascertained at trial, including at least a reasonable royalty and/or Defendants' lost profits, together with interest and costs, pursuant to 35 U.S.C. § 284;

E.    trebling the amount of damages for Defendants' infringement of both the '272 Patent and the '127 Patent, pursuant to 35 U.S.C. § 284;

F.    finding the case exceptional and awarding Telebrands reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

G.    granting Telebrands such other and further relief in law or in equity as this Court deems just or proper.

## DEMAND FOR JURY TRIAL

Telebrands demands a trial by jury on all issues so triable.

|  |  |
|---|---|
| | ASHBY & GEDDES |
| | */s/ Andrew C. Mayo* |
| *Of Counsel:* | _____ |
| | Andrew C. Mayo (#5207) |
| Michael J. Zinna | 500 Delaware Avenue, 8th Floor |
| Vincent M. Ferraro | P.O. Box 1150 |
| Abhishek Bapna | Wilmington, DE  19899 |
| KELLEY DRYE & WARREN LLP | (302) 654-1888 |
| 3 World Trade Center | amayo@ashbygeddes.com |
| New York, NY 10007 | |
| Telephone: (212) 808-7800 | *Attorneys for Plaintiff* |
| Facsimile: (212) 808-7897 | *Telebrands Corporation* |
| mzinna@kelleydrye.com | |
| vferraro@kelleydrye.com | |
| ABapna@kelleydrye.com | |
| | |
| Joshua B. Long | |
| KELLEY DRYE & WARREN LLP | |
| 515 Post Oak Blvd., Ste. 900 | |
| Houston, TX 77027 | |
| Telephone: (713) 355-5054 | |
| Facsimile: (713) 355-5001 | |
| jlong@kelleydrye.com | |

Dated:  July 9, 2024