IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELEBRANDS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 24-799-RGA |
| ) | |
| PINNACLE BRANDS, LLC, and OCEAN ) | |
| STATE JOB LOT OF DE, INC., ) | |
| ) | |
| Defendants. ) | |

**PINNACLE BRANDS, LLC'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S WILLFULNESS CLAIMS PURSUANT TO RULE 12(B)(6)**

Andrew E. Russell (No. 5382)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Defendant*

Dated: December 30, 2024          *Pinnacle Brands, LLC*

i

# TABLE OF CONTENTS

Table of Authorities ........................................................................................................................ iii
Nature and Stage of the Proceedings ............................................................................................... 1
Summary of Argument ..................................................................................................................... 1
Statement of Facts............................................................................................................................. 1
Argument .......................................................................................................................................... 2
Conclusion ........................................................................................................................................ 6

# **TABLE OF AUTHORITIES**

| **Case(s)** | **Page(s)** |
|---|---|
| *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) | 2 |
| *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) | 2 |
| *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. 11-1175-RGA, 2012 U.S. Dist. LEXIS 142809 | 4 |
| *Deckers Outdoor Corp. v. J.C. Penney Co.*, 45 F. Supp. 3d 1181, 1188 (C.D. Cal. 2014) | 4 |
| *Express Mobile, Inc. v. DreamHost LLC*, C.A. No. 18-1173-RGA, 2019 U.S. Dist. LEXIS 101468 | 6 |
| *Express Mobile, Inc. v. Squarespace, Inc.*, C.A. No. 20-1163-RGA, 2021 U.S. Dist. LEXIS 161259 | 3 |
| *Harmon v. Lawson*, C.A. No. 21-1437-RGA, 2022 U.S. Dist. LEXIS 109274 | 3 |
| *Malvern Panalytical Ltd. v. Instruments-Waters LLC*, C.A. No. 19-2157-RGA, 2021 U.S. Dist. LEXIS 162447 | 2 |
| *Monec Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012) | 4 |
| *Robocast, Inc. v. Netflix, Inc.*, C.A. No. 22-305-RGA, 640 F. Supp. 3d 365, 371-72 (D. Del. Nov. 14, 2022) | 4 |
| *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC 2020 U.S. Dist. LEXIS 112901 | 5 |
| *Wrinkl, Inc. v. Facebook, Inc.*, C.A. No. 20-1345-RGA, 2021 U.S. Dist. LEXIS 188085 | 3 |

**Other Authorities**

| | |
|---|---|
| 35 U.S.C. § 284 | 6 |
| Fed. R. Civ. P. 8(a)(2) | 2 |

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Telebrands Corporation ("Telebrands") filed its complaint alleging infringement of two patents on July 9, 2024, D.I. 1, and the parties stipulated to extend the deadline to respond to the complaint to Tuesday, December 30, 2024. (D.I. 14). Defendant Pinnacle Brands, LLC ("Pinnacle Brands") now moves to dismiss the willfulness claims within the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## SUMMARY OF ARGUMENT

1. Telebrands' willfulness allegations fail to state a claim because Telebrands fails to plausibly allege pre-suit knowledge, and the Court has held that the complaint itself cannot be the sole source of knowledge to support a claim of enhanced damages for willfulness.

## STATEMENT OF FACTS

Telebrands' complaint includes only two short paragraphs per patent that are directed to facts supporting their willfulness claim. *See* D.I. 1 ¶¶ 21-22, 29-30. As to United States Patent Number 9,581,272 (the "'272 patent"), those paragraphs are as follows:

> 21. Upon information and belief, Defendants had knowledge of the '272 Patent since at least its issuance on February 28, 2017 due to the massive popularity of Telebrands' POCKET HOSE® hose and previous patent litigations regarding family members of the '272 Patent against other manufacturers of similarly infringing expandable hoses. Additionally, as part of any customary due diligence before entering the expandable hose market, Defendants should have reviewed and likely did review patents covering expandable hoses and should have reviewed and likely did review the '272 Patent prior to the filing of this Complaint. Therefore, Defendants should have known, and have known, that selling, offering to sell, and importing into the United States the Accused Products constitutes direct infringement of the '272 Patent.
> 22. Upon information and belief, since at least the date of the issuance of the '272 Patent, Defendants have had actual knowledge of the claims of the '272 Patent, and that the Accused Products infringe one or more of those claims, including through Pinnacle Brands' likely copying of the POCKET HOSE® hose. Upon information and belief, Defendants have taken no steps to remedy any infringement and continue to willfully infringe the '272 Patent.

1

*Id.* ¶¶ 21-22. The paragraphs for the second asserted patent, United States Patent Number 9,841,127 (the "'127 patent," and collectively with the '272 patent, the "asserted patents"), are identical other than the patent number and issue date. *See id.* ¶¶ 29-30.

The complaint does not allege that Telebrands marked the POCKET HOSE product with the patent numbers of the asserted patents, and the complaint includes no other allegations of willfulness or of conduct alleged to warrant enhanced damages by Pinnacle Brands.

## ARGUMENT

A plaintiff must plead facts showing a plausible claim for relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (Rule 8(a) "requires [a complaint to include] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot support a complaint, and the factual allegations in the complaint must "plausibly give rise to an entitlement to relief."); Fed. R. Civ. P. 8(a)(2).

Stating a claim for willful infringement requires at least "facts from which it can be plausibly inferred that the [defendant] (1) had knowledge of or was willfully blind to the existence of the asserted patent and (2) had knowledge of or was willfully blind to the fact that the party's alleged conduct constituted, induced, or contributed to infringement of the asserted patent." *Malvern Panalytical Ltd. v. Instruments-Waters LLC*, C.A. No. 19-2157-RGA, 2021 U.S. Dist. LEXIS 162447, at *4 (D. Del. Aug. 27, 2021) (citation omitted). The Court has dismissed claims of willful infringement where the patentee fails to adequately allege pre-suit notice of the patent. *Wrinkl, Inc. v. Facebook, Inc.*, C.A. No. 20-1345-RGA, 2021 U.S. Dist.

LEXIS 188085, at *17-18 (D. Del. Sept. 30, 2021); *Express Mobile, Inc. v. Squarespace, Inc.*, C.A. No. 20-1163-RGA, 2021 U.S. Dist. LEXIS 161259, at *12-13 (D. Del. Aug. 25, 2021).

Here, Telebrands' complaint fails to plausibly allege pre-suit knowledge of the asserted patents. As to both asserted patents, the patentee alleges nothing more than what could be alleged in any similar patent action, including that:

- Pinnacle Brands "likely cop[ied]" Telebrands' Pocket Hose product, and should have known of the asserted patents due to that product's "massive popularity."  D.I. 1 ¶¶ 21-22, 29-30.

- There were "previous patent litigations regarding family members of the [asserted patents] against other manufacturers of similarly infringing expandable hoses." *Id.* ¶¶ 21, 29.

- Defendants "should have reviewed and likely did review" the asserted patents "as part of any customary due diligence." *Id.*

None of these three allegations are sufficient to support Telebrands' legal assertion that "[u]pon information and belief, since at least the date of the issuance of the [asserted patents], Defendants have had actual knowledge of the claims of the [asserted patents], and that the Accused Products infringe one or more of those claims." *Id.* ¶¶ 22, 30.

Telebrands does not allege that Pinnacle Brands actually copied its Pocket Hose productor provide any factual support for such an allegation.  *Id.*  Instead, it includes only conclusory speculation that Pinnacle Brands "likely" copied that product. *Id.*  Such an allegation cannot support Telebrands' claims. *See Harmon v. Lawson*, C.A. No. 21-1437-RGA, 2022 U.S. Dist. LEXIS 109274, at *10 (D. Del. June 21, 2022) (dismissing complaint where the "claims [we]re conclusory [and] without sufficient factual allegations"); *Twombly*, 550 U.S. at 555

3

("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). Even if Telebrands had alleged actual copying—which it did not—it further fails to allege that its Pocket Hose product is marked with the patent numbers, or even that it embodies claims of the asserted patents. *See id.* ¶ 16 (alleging, at most, that the asserted patents are "connect[ed] with" the Pocket Hose product). Telebrands pleads no plausible facts to support its implicit allegation that copying the Pocket Hose product would lead to knowledge of the asserted patents. *See Deckers Outdoor Corp. v. J.C. Penney Co.*, 45 F. Supp. 3d 1181, 1188 (C.D. Cal. 2014) ("Even if the [plaintiff's product] Bailey Button Boots have garnered widespread popularity and are stamped with patent notice, those allegations, standing alone, do not establish that [the accused infringer] JC Penney actually knew about the [asserted] '189 and '999 Patents.").

Telebrands' allegation of knowledge based on previous litigations against "other manufacturers" on *other patents* fares no better. The Court has rejected the idea that litigation of even the *same* asserted patents by competitors is sufficient to state a claim for pre-suit knowledge. *See Monec Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012) ("This court has not been convinced of the sufficiency of pleadings charging knowledge that is based upon a defendant's participation in the same market, media publicity and **unrelated litigation by the defendant's competitors concerning the relevant patent.**") (emphasis added); *Robocast, Inc. v. Netflix, Inc.*, C.A. No. 22-305-RGA, 640 F. Supp. 3d 365, 371-72 (D. Del. Nov. 14, 2022) (granting a motion to dismiss willful infringement allegations based on a prior suit on the same patents against another company, even where individuals associated with the first company later became the CEO and a board member of the defendant); *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. 11-1175-RGA, 2012 U.S. Dist. LEXIS 142809, at *2, 5 (D. Del. July 18, 2012) (dismissing willfulness claim, and describing a

4

"suggestion that filing a lawsuit gives actual knowledge to an unrelated party" as "fanciful."). Telebrands' allegation here that it asserted *different* patents against other manufacturers—who it does not claim are competitors—falls short even of the allegations in *Monec*, and cannot plausibly support pre-suit knowledge.

Telebrands' speculative allegation that Pinnacle Brands may have had knowledge based on "due diligence" fails as well. The Court has rejected willfulness claims based on an allegation that any company should have been aware of the patents based on general due diligence and best practices. *See Wrinkl*, 2021 U.S. Dist. LEXIS 188085, at *16 n.6 (granting a motion to dismiss a willfulness allegation that alleged knowledge because the defendants were "sophisticated corporate entities and frequent litigants in patent cases," and the patent's "ongoing prosecution and eventual issuance were matters of public record."). If a bare allegation that "customary due diligence" should have revealed the patents were sufficient to support a claim of willfulness, "it would effectively support a finding of pre-suit knowledge for every patent." *Id.*; *see VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2020 U.S. Dist. LEXIS 112901, at *10-11 (D. Del. June 26, 2020) (plaintiff cannot support willfulness claim by alleging defendant "monitored its competitors' activities generally (including the prior assignee of the asserted patents, NXP), that [accused infringer] Intel knew its competitors 'may have' patents covering Intel's similar products, and that Intel engaged NXP to acquire 'other' NXP patents," and holding that "[a]llegations about monitoring competition generally and about patents not asserted here do not plausibly establish . . . knowledge of infringement of the [asserted] patents.").

Even if the above were sufficient to plausibly allege knowledge of the patent, which it is not, knowledge of the patent alone is not enough. A patentee must also show knowledge of *infringement*, and Telebrands has pled no facts sufficient to support a plausible inference of

5

knowledge of infringement. *Malvern*, 2021 U.S. Dist. LEXIS 162447, at *4, 8 (a patentee must plead that the defendant "had knowledge of or was willfully blind to the fact that the party's alleged conduct constituted . . . infringement," and that "pre-suit knowledge alone is not enough."). Telebrands' willfulness claims should be dismissed on this basis as well.

Finally, absent pre-suit knowledge, Telebrands cannot argue post-suit willfulness based on the complaint itself. *Wrinkl*, 2021 U.S. Dist. LEXIS 188085, at *20 (dismissing willfulness claim, and holding that "when there is no pre-suit knowledge, it is not sufficient merely to allege the defendant has knowledge since the filing of the original complaint and has not ceased doing whatever the infringing behavior is alleged to be."); *Express Mobile, Inc. v. DreamHost LLC*, C.A. No. 18-1173-RGA, 2019 U.S. Dist. LEXIS 101468, at *4 (D. Del. June 18, 2019) ("The complaints allege only post-filing knowledge of the alleged infringement. Thus, they fail to meet the pleading standard for willful infringement, which requires allegations of willful conduct prior to the filing of the claim.") (cleaned up).

## **CONCLUSION**

For the reasons stated above, Pinnacle Brands respectfully requests that the Court dismiss with prejudice Telebrands' claims for willfulness and enhanced damages under 35 U.S.C. § 284, including the claims set forth in paragraphs 21-22, 25, 29-30, and 33 of the Complaint, D.I. 1.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Andrew E. Russell* |
|  | Andrew E. Russell (No. 5382) |
|  | Lindsey M. Gellar (No. 7202) |
|  | SHAW KELLER LLP |
|  | I.M. Pei Building |
|  | 1105 North Market Street, 12th Floor |
|  | Wilmington, DE 19801 |
|  | (302) 298-0700 |
|  | arussell@shawkeller.com |
|  | lgellar@shawkeller.com |
|  | *Attorneys for Defendant* |
| Dated: December 30, 2024 | *Pinnacle Brands, LLC* |

7