**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TELEBRANDS CORPORATION,<br><br>                        Plaintiff,<br><br>v.<br><br>PINNACLE BRANDS, LLC,<br><br>                        Defendant. | C.A. No. 24-799-RGA<br><br>**DEMAND FOR JURY TRIAL** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Telebrands Corporation ("Plaintiff" or "Telebrands") hereby files this First Amended Complaint for patent infringement against Defendant Pinnacle Brands, LLC (hereinafter, "Defendant" or "Pinnacle Brands") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement of U.S. Patent Nos. 9,581,272 (the "'272 Patent") and 9,841,127 (the "'127 Patent") (collectively, the "Asserted Patents") in violation of the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

**THE PARTIES**

2. Plaintiff Telebrands Corporation is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey, 07004.

3. Upon information and belief, Defendant Pinnacle Brands, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 301 Route 17 North, Suite 800, Rutherford, New Jersey 07070.

1

Upon information and belief, Pinnacle Brands does business throughout the United States and within the State of Delaware.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the patent infringement claims set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Pinnacle Brands because Pinnacle Brands is incorporated in Delaware, and regularly transacts business in Delaware, including offering for sale in, selling in, and/or importing into, the United States expandable hoses, including within this District. Defendant has a registered agent in Delaware: Corporate Service Bureau Inc., 614 N. Dupont Hwy., Suite 210, Dover, Delaware 19901.

6. Venue is proper pursuant to 28 U.S.C. § 1400(b) because Pinnacle Brands is incorporated in Delaware and thus resides in this District.

## THE PATENTS-IN-SUIT

7. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 6 as if set forth herein in their entirety.

8. Telebrands is the owner of the '272 Patent, entitled "Garden Hose," which the United States Patent and Trademark Office ("USPTO") duly and lawfully issued on February 28, 2017. A true and correct copy of the '272 Patent is attached hereto as **Exhibit A**.

9. Telebrands is the owner of the '127 Patent, entitled "Garden Hose Device and Method," which the USPTO duly and lawfully issued on December 12, 2017. A true and correct copy of the '127 Patent is attached hereto as **Exhibit B**.

**GENERAL ALLEGATIONS AND BACKGROUND**

10.     Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 9 as if set forth herein in their entirety.

11.     Telebrands is a direct marketing company and is engaged in the business of marketing and selling a wide variety of consumer products, through direct response advertising, catalog, mail order, and Internet sales, and national retail stores.

12.     For over thirty years, Telebrands has been a leading developer and marketer of consumer products.  Telebrands is widely known through the retail industry for its success in driving retail sales through its nationwide advertising programs.  Telebrands expends significant human and financial resources cultivating relationships with a wide variety of retailers, *e.g.*, large retail chains, catalogs, and retail websites, which buy Telebrands' products.

13.     For over ten years, Telebrands has been marketing and selling its expandable hose, which it currently sells under the trademark POCKET HOSE® and other related marks. The POCKET HOSE® hose is light in weight, does not kink when unwrapped or uncoiled, can expand up to three times its length when pressurized water is flowing through it, and can automatically contract to a reduced length when the water is released from it.  The POCKET HOSE® hose has been and continues to be a massive success in the United States.  Telebrands is the owner of all intellectual property rights in connection with the POCKET HOSE® hose including, without limitation, the patent rights asserted in this First Amended Complaint.

14.     Indicative of the ingenuity and popularity of Telebrands' POCKET HOSE® hose, Defendant has impermissibly promoted and sold and continues to impermissibly promote and sell infringing expandable hose products embodying the inventions protected by the Asserted Patents.  Specifically, Defendant impermissibly promotes, sells, and imports at least, but not

limited to, the following infringing expandable hose products: the Rugged Hose, 50 foot; the Perfect Hose Deluxe Pro Full Size Garden Hose, 100 foot; the Perfect Hose Brass Fitting, 100 foot; the Perfect Hose Brass Fitting, 50 foot; the Perfect Hose Deluxe, 100 foot; the Perfect Hose Deluxe, 50 foot, the Perfect Hose Deluxe Pro, 100 foot; the Perfect Hose Deluxe Pro, 50 foot; the Perfect Hose Deluxe Rugged Series, 100 foot; the Perfect Hose Deluxe Rugged Series, 50 foot; the Perfect Hose, 100 foot; and the Perfect Hose, 50 foot (hereinafter the "Accused Products"). A screen shot of Big Lots Stores, Inc.'s website, https://www.biglots.com/product/50-perfect-hose-deluxe/p810229912?srsltid=AfmBOorIibbkfFb1tHlkdrYliDDesxkZ1BLCMG3QSiqPvIPJ3u70eK1E, promoting one of the Accused Products is attached hereto as **Exhibit C**.

## COUNT I
### (INFRINGEMENT OF THE '272 PATENT)

15. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 14 as if set forth herein in their entirety.

16. Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the '272 Patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

17. For example, as set forth in the attached exemplary claim chart provided in **Exhibit D**, the Accused Products include all of the limitations of at least Claim 1 of the '272 Patent and, therefore the Accused Products directly infringe at least Claim 1 of the '272 Patent under 35 U.S.C. § 271(a).

18. Telebrands has been and continues to be damaged by Defendant's infringement of the '272 Patent, has been and continues to be irreparably harmed by that infringement, and will

suffer additional damages and irreparable harm unless this Court enjoins Defendant from further infringement.

19. Due to Defendant's past and ongoing infringement of the '272 Patent, Telebrands is entitled to monetary damages in an amount to be determined at trial, which may include lost profits but in no event less than a reasonable royalty.

## COUNT II
### (INFRINGEMENT OF THE '127 PATENT)

20. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 19 as if set forth herein in their entirety.

21. Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the '127 Patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

22. For example, as set forth in detail in the attached preliminary and exemplary claim chart provided in **Exhibit E**, the Accused Products include all of the limitations of at least Claim 1 of the '127 Patent and, therefore the Accused Products directly infringe at least Claim 1 of the '127 Patent under 35 U.S.C. § 271(a).

23. Defendant had knowledge of the '127 Patent since at least on or around February 28, 2023 when Telebrands sent Defendant a draft complaint regarding Defendant's infringement of the '127 Patent for Defendant's making, using, offering for sale, selling and/or importing expandable hoses which read on at least claim 1 of the '127 Patent, including but not limited to Defendant's Perfect Hose Deluxe and Perfect Hose Deluxe Pro expandable hoses of various sizes, including at least 50 and 100 feet. The draft complaint also included a claim chart which detailed Defendant's Perfect Hose Deluxe and Perfect Hose Deluxe Pro products infringement of

claim 1 of the '127 Patent. Therefore, Defendant has known, since at least February 28, 2023, that manufacturing, using, selling, offering to sell, and importing into the United States the Accused Products constitutes direct infringement of the '127 Patent.

24. Telebrands has been and continues to be damaged by Defendant's infringement of the '127 Patent, has been and continues to be irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Defendant from further infringement.

25. Due to Defendant's past and ongoing infringement of the '127 Patent, Telebrands is entitled to monetary damages in an amount to be determined at trial, which may include lost profits but in no event less than a reasonable royalty.

26. Defendant's infringement of at least Claim 1 of the '127 Patent has been and continues to be willful and deliberate. As a result, Telebrands is entitled to increased damages pursuant to 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Telebrands prays that this Court enter judgment as follows:

A. that Defendant has infringed and is infringing each of the '272 Patent and the '127 Patent;

B. that such infringement of at least the '127 Patent was and is willful;

C. preliminarily and permanently enjoining Defendant, its principals, officers, directors, agents, servants, employees, affiliates, successors and assigns, dealers, retailers, distributors, manufacturers, and all others in active concert and/or participation with Defendant, from infringing the '272 Patent and the '127 Patent, pursuant to 35 U.S.C. § 283;

      D.      awarding Telebrands damages for Defendant's direct infringement of both the '272 Patent and the '127 Patent, in an amount to be ascertained at trial, including at least a reasonable royalty and/or Defendant's lost profits, together with interest and costs, pursuant to 35 U.S.C. § 284;

      E.      trebling the amount of damages for Defendant's infringement of the '127 Patent, pursuant to 35 U.S.C. § 284;

      F.      finding the case exceptional and awarding Telebrands reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

      G.      granting Telebrands such other and further relief in law or in equity as this Court deems just or proper.

## **DEMAND FOR JURY TRIAL**

Telebrands demands a trial by jury on all issues so triable.

|  |  |
|---|---|
| | ASHBY & GEDDES |
| | */s/ Andrew C. Mayo* |
| *Of Counsel:* | Andrew C. Mayo (#5207) |
| | 500 Delaware Avenue, 8th Floor |
| Michael J. Zinna | P.O. Box 1150 |
| Vincent M. Ferraro | Wilmington, DE 19899 |
| Abhishek Bapna | (302) 654-1888 |
| KELLEY DRYE & WARREN LLP | amayo@ashbygeddes.com |
| 3 World Trade Center | |
| New York, NY 10007 | *Attorneys for Plaintiff* |
| Telephone: (212) 808-7800 | *Telebrands Corporation* |
| Facsimile: (212) 808-7897 | |
| mzinna@kelleydrye.com | |
| vferraro@kelleydrye.com | |
| ABapna@kelleydrye.com | |

Joshua B. Long
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd., Ste. 900
Houston, TX 77027
Telephone: (713) 355-5054
Facsimile: (713) 355-5001
jlong@kelleydrye.com

Dated: January 21, 2025